**UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.: 9:21-cv-81215-DMM

JEFFREY BERNSTEIN,
VINCENT CURCIO, and
JOHN ANGELONE,

  Plaintiffs,

vs.

TOWN OF JUPITER, a municipal
Corporation,

  Defendant.
_____/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXPERT WITNESS AND TO EXCLUDE EXPERT TESTIMONY**

Plaintiffs, by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 26, Fed. R. Civ. P. 37(c)(1), and S.D. Fla. Local Rule 7.1.A, move to strike the Town's expert witness and to exclude expert testimony, and in support state:

On September 17, 2021, the Town served its Expert Disclosure. *See* Ex. 1. Within, the Town disclosed Andrew C. Bernstein as its expert in this matter. An expert report of Mr. Bernstein was never provided, and the Town failed to make him available for deposition. Mr. Bernstein should be stricken as a witness because (i) the Town failed to comply with Rule 26 and (ii) Mr. Bernstein's "subject matter of testimony" would be in direct conflict with the Town's sworn 30(b)(6) testimony.

  **A. The Town's Expert Should be Stricken for Failure to Comply with Rule 26**

Rule 26, Federal Rules of Civil Procedure, requires that a party disclose to other parties the identity of any witness it may use at trial to present evidence. *Reese v. Herbert*, 527 F.3d 1253, n.

1

18 (11th Cir. 2008); Fed. R. Civ. P. 26(a)(2)(A). A party must make these disclosures at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(C).

Generally, for expert witnesses, the disclosure must be accompanied by a written report, which must be prepared and signed by the witness, and which must contain the information required by Rule 26, including a complete statement of all opinions the witness will express and the basis and reasons for them. Fed. R. Civ. P. 26(a)(2)(B). Furthermore, "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008); *see also Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 2018 U.S. Dist. LEXIS 219271, *9-10 (M.D. Fla. July 9, 2019). "To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports. In relevant part, Rule 37(c)(1) states that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. May 27, 2010), citing Fed. R. Civ. P. 37(c)(1).

Federal Rule of Civil Procedure 26 requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Further, Rule 26 requires disclosure of (1) information considered by the witness in forming opinions, (2) any supporting exhibits, (3) the witness's qualifications, (4) prior cases in which the witness testified as an expert, and (5) the expert's compensation. Fed. R. Civ. P. 26(a)(2)(B)(ii)-(vi). Notably, notice of an expert witness' name is not enough to comply with Rule 26 disclosure requirements. *See Dzafic v. Geobera Specialty Ins. Co.*, 2008 U.S. Dist. LEXIS

66164, *4 (M.D. Fla. August 15, 2008); *see also Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004).

The purpose of the expert disclosure provisions in Rules 26 and 37 is to prevent trial by ambush. The general purpose of discovery in federal courts is that evidence is readily exchanged in order to avoid so-called trial by ambush. The expert witness disclosure and report production requirement of Rule 26(a)(2) is specific and include a complete report is one which includes the substance of the testimony that an expert is expected to give on direct examination with the reasons therefore. Fed.R.Civ.P. 26 Advisory Committee's note; *see also Smith v. State Farm Fire & Cas. Co.*, 164 F.R.D. 49, 53 (S.D. W.Va. 1995).

The Town failed to provide Plaintiffs with anything other than its proposed expert's name, curriculum vitae, and a vague description of his opinion that "Defendant exceed[ed] its FLSA obligations." The Town did not produce a report from Mr. Bernstein, nor did the Town sufficiently identify his opinions. Plaintiffs are essentially "in the dark" as to Mr. Bernstein's expert opinion and the information used to form those opinions. The lack of information regarding Mr. Bernstein's opinions places Plaintiffs at a severe disadvantage. Accordingly, the Town's proposed expert, Mr. Bernstein, should be precluded from offering any expert testimony on behalf of the Town based upon its violation(s) of Rule 26.

**B. The Town Should not be Permitted to Offer an Expert Opinion that Contradicts its Sworn 30(b)(6) Testimony**

Additionally, the Town's expert should be stricken because the Town should be precluded form offering any expert testimony that contradicts its sworn 30(b)(6) testimony. This alone mandates the striking of Mr. Bernstein.

On October 21, 2021, Plaintiffs took the deposition of the Corporate Representative(s) of the Town. [DE 62-3; 62-4; 62-5]. Each witness agreed to affirmatively state if he/she did not

3

understand the understand the question, if he/she found the question to be confusing, if an incorrect fact was assumed, if he/she simply did not know the answer. [DE 62-3; 10:19-11:16; DE 62-4; 6:13-7:03; DE 62-5; 6:04-24]. Each understood that the Town was required to fully prepare each to provide all information known or reasonably available to the Town in response to the designated matters of examination. [DE 62-3; 30:16-31:06; DE 62-4; 14:03-15:09; DE 62-5; 8:09-21]. Each understood that the deposition testimony represented **all of the knowledge** known or reasonably available to the Town. Each was aware that the answers would be binding upon the Town. [DE 62-3; 35:19-36:04; DE 62-4; 15:05-23 DE 62-5; 8:09-9:03]. Each was comfortable testifying as the voice of the Town regarding each respective area of inquiry.

In the Southern District of Florida, it is well-known that a corporation has an affirmative duty to produce a witness who is able to provide binding answers on behalf of the corporation. *QBE Insurance Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). And if the witness does not know the answer to a legally posed question, the defendant has a duty to designate more than one deponent, if necessary, to respond to questions on all relevant areas of inquiry listed in the notice or subpoena. *Id.* This duty to prepare its designee goes beyond matters in which the designee was personally involved. *Id.* at 689. In fact, a corporate designee must provide responsive answers even if the information was transmitted through the corporations' lawyers. *Id.* If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant requestions on listed subjects, then the responding corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents. *Id.* at 690. As stated by the Southern District: "Specifically, [defendant] will be **precluded** from offering any testimony at trial on the subjects which its designee was **unable** or **unwilling** to testify about at the 30(b)(6) deposition." *Id.* at 681 (emphasis supplied).

As it relates to the "we-don't-know" response, the Southern District of Florida holds as follows:

> [] When a corporation's designee legitimately lacks the ability to answer relevant questions on listed topics and the corporation cannot better prepare that witness or obtain an adequate substitute, then the "we-don't-know" response can be binding on the corporation and prohibit it from offering evidence at trial on those points. **Phrased differently, the lack of knowledge answer is itself an answer which will bind the corporation at trial.** *Fraser Yachts Fla., Inc. v. Milne*, No. 05–21168–CIV–JORDAN, 2007 WL 1113251, at *3 (S.D.Fla. Apr. 13, 2007); *Chick–fil–A v. ExxonMobil Corp.*, No. 08–61422–CIV, 2009 WL 3763032, at *13 (S.D.Fla. Nov. 10, 2009); *see also Ierardi*, 1991 WL 66799 at *3 (if party's 30(b)(6) witness, because of lack of knowledge or failing memory, provides a "don't know" answer, then "that is itself an answer" and the corporation "will be bound by that answer").
>
> [] Similarly, a corporation which provides a 30(b)(6) designee who testifies that the corporation does not know the answers to the questions **"will not be allowed effectively to change its answer by introducing evidence at trial."** *Ierardi v. Lorillard*, No. 90–7049, 1991 WL 158911 (Aug. 13, 1991) (E.D.Pa. 1991, at *4).
>
> [] The conclusion that the corporation is bound at trial by a legitimate lack of knowledge response at the 30(b)(6) deposition is, for all practical purposes a variation on the rule and philosophy against trial by ambush. *Calzaturficio*, 201 F.R.D. at 38; *Wilson*, 228 F.R.D. at 531; *Taylor*, 166 F.R.D. at 363 (rule prevents "sandbagging" and **prevents corporation from making a "half-hearted inquiry before the deposition but a thorough and vigorous one before the trial").**

*Id.* at 690 (emphasis supplied).

Within its Expert Disclosure, the Town states that "Mr. Bernstein is expected to testify about the Defendant exceeding its FLSA obligations as it relates to this action and/or in rebuttal to any expert permitted to be called by the Plaintiffs." *See* Ex. 1. Any testimony related to the Town *exceeding* its FLSA obligations would be in **direct contradiction** to its 30(b)(6) testimony. Specifically, and as more thoroughly explained within Plaintiffs' Motion for Partial Summary Judgment [DE 63], the Town utterly fails to offer any support for the premise that it met, much less *exceeded* its FLSA obligations. This is evidenced by the Town's testimony relating to the § 207(k) partial exemption and § 207(h)(2) credits and/or setoffs.

As it relates to all of the facts that support a 7(k)-election, the Town testified as follows:

> Q. What factual basis do you know that supports affirmative defense Number 1, the first one?
> A. I've reviewed the FLSA guidelines that discussed what can be included and what can be excluded from the regular rate calculation.
> Q. Okay. Other than reviewing the FLSA guidelines, what facts did you have to contend to support the first affirmative defense?
> A. Again, we reviewed the law. We reviewed the pay and time records and determined that unless they work over the threshold and they included or excluded what was involved and included within the regular rate of pay.
> **Q. Is that all the facts that you contend for your first affirmative defense? Is that a yes?**
> **A. Yes.**

[DE 62-5; 18:02-22].

The Town has overtime and work week policies that govern *all* Town employees, but *none* that specifically govern its police officers. [DE 62-3, 23:18-25; 24:16-25:10]. There does not exist any document that applies to police officers and/or sergeants that discusses a policy where they receive overtime after working 43 hours in 7 days or 171 in 28 days. [DE 62- 3, 25:03-26:09]. In fact, the Town even specifically discussed moving to a 7-day/43-hour and 28-day/171-hour period for its police officers, but that policy was never implemented, and the Town continues to pay overtime to its police officers consistent with other Town employees. [DE 62-3, 50:20-53:05]. The Town specifically *elected* to treat its police officers in the same manner as other Town employees. [DE 62-3, 50:10-18].

As it relates to all of the facts that support 207(h)(2) credits and/or setoffs, the Town testified as follows:

> Q. Tell me, are you familiar with Article 13?
> A. Yes.
> Q. Okay. Were law enforcement officers, police officers, sergeants, actually paid pursuant to this section?
> A. This particular section has to deal with outside entities hiring an officer for their purposes, for security or whatever, they would like an officer for. This doesn't have anything do with working for the Town.

> **Q. Okay. Is there anything on the paychecks at issue in this lawsuit that involves Article 13, the extra-duty assignment?**
> **A. No.**

[DE 62-4, 19:14-20:02].

> Q. Does the Town of Jupiter claim any exemption of the FLSA under this Article 27?
> **A. No.**
> …
> Q. Does the Town of Jupiter claim any setoffs under this article [Article 27] – or any credits under this article?
> **A. No.**

[DE 62-4, 29:20-30:23].

Because the Town failed to offer any support whatsoever for the notion that it has somehow *exceeded* its FLSA obligations, the Town should be prohibited from offering expert testimony—or *any* testimony, for that matter—that contradicts its sworn, 30(b)(6) testimony.

**WHEREFORE**, Plaintiffs respectfully request the entry of an Order striking Andrew C. Bernstein as an expert witness and precluding the Town from offering his testimony.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

Undersigned counsel certifies that he conferred by telephone with counsel for the Town in a good-faith attempt to resolve the issues raised by this motion without the need of Court intervention but was unable to resolve it.

**Dated**: November 18, 2021

    Pike & Lustig, LLP
    */s/ Robert C. Johnson*
    **Michael J. Pike**
    Florida Bar No.: 617296
    **Daniel Lustig**
    Florida Bar No.: 059225
    **Robert C. Johnson**
    Florida Bar No.: 116419
    1209 N. Olive Ave.
    West Palm Beach, FL 33401
    Telephone: (561) 855-7585
    Facsimile: (561) 855-7710
    Email: pleadings@pikelustig.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November 2021, I caused a true and correct copy of the foregoing Report to be served by CM/ECF on all parties listed to receive electronic service for this case.

*/s/ Robert C. Johnson*
Robert C. Johnson