UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-81215-CV-MIDDLEBROOKS

JEFFREY BERNSTEIN, VINCENT CURCIO
and JOHN ANGELONE,

    Plaintiffs,

v.

TOWN OF JUPITER, a municipal corporation,

    Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Strike Defendant's Expert Witness and to Exclude Expert Testimony, filed November 18, 2021. (DE 64). I expedited briefing and on November 29, 2021, Defendant filed a response. (DE 83). For the reasons set forth below, the Motion is denied.

## BACKGROUND

This is an FLSA overtime action brought by three law enforcement officers currently or formerly employed by the Town of Jupiter. ("Defendant" or "the Town"). This Motion pertains to Defendant's expert, Andrew C. Bernstein ("the Town's expert" or "the expert").[1] (DE 64 at 1). Pursuant to the Scheduling Order, Plaintiffs' expert disclosure deadline was set for September 10, 2021 and Defendant's for September 17, 2021. (DE 14 at 5). Discovery closed on October 21, 2021. (*Id.*). Plaintiffs now seek an order striking the Town's expert and excluding his testimony

---

[1] To avoid confusion with Plaintiff Jeffrey Bernstein, I will refer to Andrew Bernstein as "the Town's expert" throughout this Order.

1

pursuant to Federal Rules of Civil Procedure 26(a) and 37(c)(1) and Local Rule 7.1(a).[2] (DE 64 at 1). Plaintiffs contend that striking the expert is warranted because Defendant did not file an expert report in compliance with Rule 26,[3] and because the expert will testify to matters that purportedly conflict with the testimony of an unidentified 30(b)(6) representative for the Town. (*Id.*).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence." Fed. R. Civ. P. 26(a)(2)(A). Moreover, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Such written reports must include: "a complete statement of all opinions the witness will express and the basis and reasons for them[,] the facts or data considered by the witness in forming them[,] . . . the witness's qualifications[,]" prior expert testimony within the last four years, and "a statement of compensation to be paid." *Id.*

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or

---

[2] Plaintiffs identify Local Rule "7.1.A" (presumably Local Rule 7.1(a)) as a basis for relief but make no argument with respect to that rule, which pertains to the filing of motions and conferral.

[3] Plaintiffs also note, but do not expand upon, the fact that "the Town failed to make [the expert] available for deposition." (DE 64 at 1). Plaintiffs overlook that I barred the expert's deposition and quashed the subpoena on a motion filed by Defendant, since Plaintiffs noticed the Town of the deposition just four days prior and did not serve the expert with the subpoena until the day of his deposition. (DE 48 at 4). In response to that motion, Plaintiffs unsuccessfully argued that the Town's expert should be stricken for failure to attend his deposition, which I rejected. (*Id.*).

harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x. 821, 824 (11th Cir. 2009) (per curiam) (internal citation omitted). Federal Rule 37(c)(1) "gives district courts discretion to exclude untimely submissions." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348 (11th Cir. 2004); *see also Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) ("Courts have broad discretion to exclude untimely expert testimony."). Factors considered include: "(1) 'the explanation for the failure to disclose the witness,' (2) 'the importance of the testimony,' and (3) 'the prejudice to the opposing party if the witness had been allowed to testify.'" *Sabal Trail Transmission, LLC v. Lasseter*, 823 F. A'ppx 914, 919 (11th Cir. 2020) (quoting *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

## DISCUSSION

**A.     Rule 26**

   *1. Explanation for the Late Disclosure*

Any deficiencies in Defendant's expert disclosure are substantially justified and largely due to Plaintiffs' conduct. To-date, Plaintiffs have not produced a Rule 26(a) report for their expert according to Defendant. (DE 83 at 2–3). Defendant represents that Plaintiffs failed to make any expert disclosures by their deadline of September 10, which the Scheduling Order intentionally set beore Defendant's September 17 deadline. (DE 83 at 2; DE 14 at 5). Instead, they waited until after Defendant served its disclosure on September 17 to disclose their expert, albeit without a compliant report. (DE 83 at 2, 4). Plaintiffs have still failed to produce an expert report as of the filing of Defendant's response to this Motion. (*Id.* at 2). Nevertheless, Defendant filed its expert report with its motion for summary judgment on November 18, 2021. (DE 72-17).

Further, the Town's report reflects that it at least attempted to provide an expert report by its deadline given the circumstances. The expert provided his name, curriculum vitae with an

included case list, hourly rate, and a summary of his expected testimony, opinions, and the sources on which he will base those opinions. (DE 64-1). Specifically, the expert states that he will rebut Plaintiff's experts, who had not disclosed even a summary of opinions, and will testify to Defendant exceeding its FLSA overtime obligations. (*Id.*). The disclosure is not fully compliant with Rule 26 in that it is not signed by the expert and lacks complete opinions and the bases of those opinions, but the Town made a good faith effort to comply with Rule 26 despite Plaintiffs' contravention of the timing set forth in the Scheduling Order and without the benefit of Plaintiffs' expert's opinions. Any deficiencies were thus substantially justified.

2. *Prejudice to Plaintiffs*

Any prejudice Plaintiffs might face from the Town's expert being permitted to testify is largely attributable to Plaintiffs' lack of diligence with respect to this problem. Even putting aside Plaintiffs' own role in hampering Defendant's ability to produce a fully compliant expert report, Plaintiffs waited two months after learning of this purportedly deficient report to raise any concerns and chose to file this Motion on the date of the dispositive motions deadline, thereby violating Local Rule 26.1. *See* S. D. Fla. L.R. 26.1(g)(1) (requiring that "[a]ll disputes related to discovery" be filed within 30 days of either the due date, including extensions by the parties, or the date on which the deficiency is discovered).[4]

Additionally, prior to receiving the Town's expert report, Plaintiffs sought to depose the expert (DE 43) and moved for summary judgment (DE 63). Evidently, Plaintiffs perceived no disadvantages faced by proceeding through discovery and moving for summary judgment without

---

[4] Local Rule 26.1(g)(1) allows for the discretionary denial of any discovery-related motion filed in violation of the time periods proscribed by the rule in the absence of good cause shown. I considered denying Plaintiffs' Motion on that basis alone, given their failure to set forth good cause for their untimely motion.

the Town's expert report. Nor did Plaintiffs raise this issue in response to Defendant's motion for a protective order seeking to bar the deposition of the Town's expert because it was untimely noticed. (*See* DE 45). Present claims of "severe disadvantage" are thus belied by the record. (*See* DE 64 at 3).

### 3. *Importance of the Testimony*

Finally, the Town's expert is of obvious import in that he will testify to the Town's overtime calculations and rebut Plaintiffs claims on that issue. (DE 83 at 5). Specifically, he will testify to the alleged inaccuracies in Plaintiffs' calculations, which is essential both to liability and damages, and to the Town's defenses including alleged overpayment of overtime premiums. (*Id.*). The importance of the testimony therefore weighs against striking the Town's expert.

Having weighed the relevant factors, I find that Defendant met its burden of showing that any untimely expert disclosures or deficiencies contained therein were both substantially justified and harmless. Therefore, striking of the Town's expert is not warranted under Rule 37(c)(1).

### B.     **Contradiction with 30(b)(6) Testimony**

Plaintiffs argue that Defendant's expert must be stricken for the additional reason that "the Town should be precluded from offering any expert testimony that contradicts its sworn 30(b)(6) testimony." (DE 64 at 3). This request is improper for several reasons.

First, Plaintiffs cite to no authority for the proposition that striking an expert witness, thereby excluding *all* testimony, is the appropriate remedy for an issue pertaining to only a specific topic of the expected testimony.

Second, the only case to which Plaintiffs cite in this section is a non-binding district court order which is also inapposite. The case involved an order on a motion for sanctions for failure to comply with Rule 30(b)(6) and addressed the preclusion of certain topics of testimony (not striking

a witness), in part as a sanction for ways in which the party violated Rule 30(b)(6) and in part as a consequence of context-specific deficiencies in the designee's testimony and preparation. *See QBE Ins. Corp. v. Jorda Enter., Inc.*, 277 F.R.D. 676, 680–81, 697–98 (S.D. Fla. 2012). To the extent that Plaintiffs contend that the Town did not comply with Rule 30(b)(6), this case does not provide the requisite support for striking or precluding the Town's expert testimony. That is especially so given Plaintiffs' claim in this Motion that they are largely "in the dark" as to the expert's expected testimony. (DE 64 at 3).

Third, the apparent "conflict" is not an issue appropriately addressed on a motion to strike. The Town's expert will testify in part that Defendant exceeded its FLSA overtime requirements, which Plaintiffs argue conflicts with the testimony of an unidentified 30(b)(6) representative, because "as more thoroughly explained within Plaintiffs' Motion for Partial Summary Judgment, the Town utterly fails to offer any support for the premise that it met, much less *exceeded* its FLSA obligations" in its 30(b)(6) deposition testimony. (DE 64 at 5–6). In essence, Plaintiffs argue that the Town's expert should be barred from testifying to one of the Town's defenses because Plaintiffs' argument on that issue will, in their view, prevail on summary judgment. That is not a basis for precluding testimony much less striking the witness who will offer it.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Defendant's Expert Witness and to Exclude Expert Testimony (DE 64) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of December, 2021.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record