UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:21-cv-81215-MIDDLEBROOKS

JEFFREY BERNSTEIN,
VINCENT CURCIO, and
JOHN ANGELONE,

     Plaintiffs,

vs.

TOWN OF JUPITER, a municipal
Corporation,

     Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE WITH THE COURT RETAINING JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT**

The Plaintiffs, Jeffrey Bernstein, Vincent Curico, and John Angelone (hereinafter "Plaintiffs") and the Defendant, Town of Jupiter (hereinafter "Defendant") (collectively the "Parties"), move for approval of the parties' Settlement Agreement ("Settlement Agreement" attached hereto as **Exhibit "1"**) after a *telephonic* fairness hearing, and jointly stipulate to the dismissal of this action, with prejudice once the Court approves the settlement, and request that the Court retain jurisdiction to enforce the Settlement Agreement. In support of their motion, the Parties jointly state as follows:

1. This matter involves claims by Plaintiffs for alleged unpaid overtime under the Fair Labor Standards Act (the "FLSA"). Defendant argued that: (a) Plaintiffs were not improperly denied overtime compensation; and (b) Plaintiffs were not entitled to any relief under the FLSA.

2. The parties have now reached a resolution and entered into a Settlement Agreement, which includes a release of *other* (non-FLSA) putative claims arising from Plaintiffs' employment.

3. The Parties request that the Court approve the Settlement Agreement after a *telephonic* fairness hearing, and thereafter enter a dismissal with prejudice with the Court retaining jurisdiction to enforce the Settlement Agreement.

4. The monetary terms are referenced in Section 3 of the Settlement Agreement. Separate and apart from the monetary payments, the Town agreed to not pursue its claim for attorneys' fees and costs authorized by the Court's Order on November 23, 2021; provided the Court approves the Settlement Agreement. Therefore, sufficient consideration exists for the release of *other* claims referenced in Section 2 of the Settlement Agreement. Rappaport v. Embarq Mgmt. Co., 2008 WL 4642593, at *2 (M.D. Fla. Oct. 17, 2008) (approving settlement agreement where employee received separate monetary compensation in consideration for signing a general release).

5. Generally, in order for a release and waiver of claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S. Department of Labor. See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. at 1352-53. Also, a district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

6. Courts look at several factors in approving a settlement agreement. See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994). Many factors

present in this case weigh in favor of approving the Settlement Agreement; there is no indication of fraud or collusion, further litigation would likely be expensive, the Parties have exchanged sufficient information to fully assess the claims, and counsel for the Parties believe the settlement to be fair and reasonable.

7. The Parties assert that after extensive settlement negotiations they have reached a fair and reasonable resolution, at arm's length and with the advice of counsel. Therefore, there is a strong presumption in favor of finding a fair settlement. See; Schottborgh v. Motor Car Concepts, II, Inc., 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); Tobar v. Khan, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 (approving settlement of $850 in unpaid wages and liquidated damages, which represented about one-fifth of the principal amount sought by the plaintiff, where there were disputed issues); Steinhauser v. Elec. Energy Sys., Inc., No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all")

8. Therefore, the Parties request that the Court conduct a *telephonic* fairness hearing, and review and approve the Settlement Agreement pursuant to Lynn's Food. Finally, the Parties request that the Court dismiss this action with prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(ii), with the Court retaining jurisdiction to enforce the Settlement Agreement, and for each party to bear their own attorneys' fees and costs unless expressly provided for in Section 3 of the Settlement Agreement.

**WHEREFORE**, for all the foregoing reasons, the Parties respectfully request that the Court conduct a *telephonic* fairness hearing and, once the Court has determined that the settlement

is a fair and reasonable resolution of the claims, dismiss this matter with prejudice, with the Parties to bear their own costs and attorneys' fees, except as provided by the terms of the Settlement Agreement at Section 3.

Dated this 1st day of December, 2021.

Respectfully submitted,

| | |
|---|---|
| **Pike & Lustig, LLP** | **JONES FOSTER, P.A.** |
| 1209 N. Olive Ave. | 505 South Flagler Drive, Suite 1100 |
| West Palm Beach, FL 33401 | West Palm Beach, FL 33401 |
| Michael J. Pike, Esq. | Tel. 561-659-3000 |
| Florida Bar No.: 617296 | */s/ Michael Gore* |
| Robert C. Johnson, Esq. | Michael J. Gore, Esq. |
| Florida Bar No.: 116419 | Florida Bar No. 71886 |
| */s/ Robert C. Johnson* | mgore@jonesfoster.com |
| Email: pleadings@pikelustig.com | *Attorney for Defendant* |
| *Attorneys for Plaintiffs* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Michael J. Gore*
Michael J. Gore
Florida Bar No. 0071886

**Service List**

Michael J. Pike, Esq.
Florida Bar No.: 617296
Robert C. Johnson, Esq.
Florida Bar No.: 116419
Pike & Lustig, LLP
1209 N. Olive Ave.
West Palm Beach, FL 33401
Email: pleadings@pikelustig.com
*Attorneys for Plaintiffs*

4

Alan M. Aronson, Esq.
Florida Bar No.: 895997
Rosenthal Levy Simon & Sosa, PA
1401 Forum Way, Suite 600
West palm Beach, FL 33401
aaronson@rosenthallevy.com
jlevy@rosenthallevy.com
eleonard@rosenthallevy.com
*Attorneys for Plaintiffs*