## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-81215-CV-MIDDLEBROOKS/Matthewman

JEFFREY BERNSTEIN, VINCENT CURCIO
and JOHN ANGELONE,

      Plaintiffs,

v.

TOWN OF JUPITER, a municipal corporation,

      Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court Retaining Jurisdiction to Enforce the Settlement Agreement, filed on December 1, 2021. (DE 90). Plaintiffs allege violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (DE 1-1). The Parties now advise the Court that they have settled all claims in this action and move for dismissal upon the Court's approval of their Settlement Agreement. (DE 90). Having carefully reviewed the Motion, the Settlement Agreement, and the applicable law, the Parties' Motion is denied without prejudice. However, the Parties are highly encouraged to file a renewed motion curing the issues contained within their Settlement Agreement as set forth below.

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair

and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

District Courts have broad discretion in approving FLSA settlement agreements. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013). In *Rodrigues*, the Eleventh Circuit declined to exercise its discretionary jurisdiction to hear an interlocutory appeal seeking clarification of the legal standard District Courts should apply when reviewing FLSA settlements, specifically with respect to non-monetary terms such as general releases and confidentiality clauses. *Id.* Noting that the defendants essentially sought a ruling that "a district court may not refuse to approve FLSA settlements as unreasonable based on non-monetary terms," the Court of Appeals declined to "impos[e] a categorical rule regarding such non-monetary provisions, whatever their scope or content," leaving those questions to the discretion of District Courts. *Id.*

At the outset, I note that I am not convinced that either Plaintiffs or their attorneys are entitled to the stated fee amounts—$22,000 for counsel and $1,000[1] for each Plaintiff. Plaintiffs' likelihood of success on the merits is doubtful. By Defendant's calculations, Plaintiffs were either overpaid in overtime or not entitled to overtime. (DE 71 at 2–5; DE 70 at 4; DE 57 at 7). And since Plaintiffs are either unable or unwilling to provide a detailed assessment of their calculations (*see* DE 79), Defendant may have the better argument. As to Plaintiffs' counsel, the volume of activity in this action is largely derivative of counsels' questionable strategies and positions taken. For

---

[1] I note that the $1,000 total includes $500 to resolve claims of alleged overtime wages and $500 in release of other claims as set forth in Section 2. Because I find the general release improper, as explained below, I also cannot approve of the awards in exchange for such releases. Therefore, the Parties may reasonably determine that an amount less than $1,000 is fair and reasonable.

example, one of counsel's overall strategies appears to have been to obtain conditional certification, and only then engage in discovery and otherwise litigate the claims of the named Plaintiffs. This not only unnecessarily delayed resolution of this case, but also generated issues surrounding the sufficiency of their Statement of Claim and several discovery issues, which in turn necessitated motions, briefing and orders from this court. (*E.g.,* DE 28; DE 43; DE 51). However, given the history of this case and the costs of proceeding through trial, I find the monetary terms to constitute a fair amount to resolve these claims and end this litigation. Accordingly, I am inclined to approve a forthcoming settlement agreement that includes a fee award no greater than $22,000 and awards to Plaintiffs no greater than $1,000 each, based upon the Parties' representations that, in their view, the agreed upon amounts are fair and reasonable.

However, I cannot approve the Settlement Agreement as a whole because of several non-monetary terms included in the agreement, specifically, the broad general release provision and the terms exclusively relating to the conduct of the Plaintiffs' counsel and the Town.

As to the general release contained in Section 2, I find that term to be overbroad and not capable of monetary valuation. (*See* DE 90-1 at 2). The general release includes a broad list of potential future claims, known or unknown. (*Id.*). Although I recognize that such provisions may be common practice, in FLSA cases the Court is required to "scrutinize[e] the settlement for fairness" and determine whether the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Foods*, 679 F. 2d at 1353, 1355. I cannot make such a determination given the breadth of the provision and its attenuation to the FLSA claims at issue in this lawsuit. A renewed settlement agreement should exclude the provisions relating to this general release and any monetary awards in exchange for such releases.

Additionally, there are several terms that appear to exclusively relate to or govern the conduct of Plaintiffs' counsel and/or the Town, one of which is Section 14, "Presuit Mediation for Claims Brought by Others." (DE 90-1 at 6). I certainly encourage Plaintiffs' counsel and the Town to pursue mediation in future cases. The successful mediation of this action demonstrates the effectiveness of such efforts and the potential costs saved. My issue with this provision is that it falls outside the scope of the resolution of the underlying claims in this case. Again, the Court's role in approving FLSA settlement agreements is to ensure that the agreement is a fair resolution of a plaintiff's FLSA claim. Provisions that do not pertain to the Plaintiffs and do not benefit them cannot be considered sufficiently central to the FLSA claims at issue so as to factor into my determination of what constitutes a fair resolution of those claims. I decline to approve ancillary provisions that do not pertain to the settlement of Plaintiffs' FLSA claims.

Nevertheless, I see no reason why Plaintiffs' counsel cannot separately agree to pre-suit mediation with the Town in future lawsuits in which they are retained. It appears that such an agreement might benefit Plaintiffs' counsel and their clients as much as it benefits the Town, in that it may save Plaintiffs' counsel from incurring significant litigation costs. Indeed, based on my assessment of this case, Plaintiffs' counsel likely expended considerably more costs than it will ultimately recover through this settlement. So it would appear to me that counsel and the Town could enter into whatever agreement they see fit regarding pre-suit mediation, but I do not see the relevance of such a provision to the fairness of *these Plaintiffs'* settlement in connection with my analysis under *Lynn's Foods.* And I do not see the necessity of this Court's approval of, and reservation of jurisdiction to enforce, such an extraneous contractual provision which doesn't involve these Plaintiffs and is outside the scope of Plaintiffs' FLSA claims.

I commend the Parties for reaching an amicable resolution of this case without further court intervention and I strongly encourage a renewed motion to approve a settlement agreement that cures the deficiencies set forth in this Order. I am prepared to evaluate any forthcoming settlement agreement without a telephonic hearing. However, to the extent that the Parties contend that I cannot evaluate the fairness of that agreement absent a hearing, they should renew their request for a hearing and specifically state the issues to be addressed, and I will thereafter evaluate whether a hearing would be helpful.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The Parties' Motion (DE 90) is **DENIED WITHOUT PREJUDICE**.

(2) The Parties' may file a renewed motion for approval of their settlement agreement **on or by December 15, 2021**.

(3) All pretrial deadlines are stayed until a ruling on the Parties' renewed motion. This includes deadlines relating to the Parties' summary judgment briefing, the Parties' filing of their joint pretrial stipulation, and Plaintiffs' submission of amended interrogatory answers. If the December 15, 2021 deadline to file a renewed motion to approve settlement expires with no proposed settlement agreement being submitted for this court's review, then **<u>all stayed deadlines will return to active status with new dates of compliance to be set on a swift schedule so as to ensure that this matter is ready for trial on January 3, 2022, as calendared.</u>**

**SIGNED** in Chambers at West Palm Beach, Florida, this 10th day of December, 2021.

Donald M. Middlebrooks
United States District Judge