UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:21-cv-81215-MIDDLEBROOKS

JEFFREY BERNSTEIN,
VINCENT CURCIO, and
JOHN ANGELONE,

     Plaintiffs,

vs.

TOWN OF JUPITER, a municipal
Corporation,

     Defendant.

_____/

### *SECOND* JOINT *EXPEDITED* MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE WITH THE COURT RETAINING JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT

The Plaintiffs, Jeffrey Bernstein, Vincent Curico, and John Angelone (hereinafter "Plaintiffs") and the Defendant, Town of Jupiter (hereinafter "Defendant") (collectively the "Parties"), hereby move for approval of the Parties' Settlement Agreement ("Settlement Agreement," attached hereto as **Exhibit "1"**), and for entry of an Order approving the Settlement Agreement with dismissal of this case with prejudice and with the Court retaining jurisdiction to enforce the Settlement Agreement. A copy of the proposed Order is attached as **Exhibit "4."**

Pursuant to Local Rule 7.1(d), the Parties respectfully request an expedited ruling by December 17, 2021 on the instant motion because the Parties complied with the Court's Order by modifying the Settlement Agreement pursuant to the Court's instructions. In support of their motion, the Parties jointly state as follows:

1.     This matter involves claims by Plaintiffs for alleged unpaid overtime and/or minimum wages pursuant to the Fair Labor Standards Act (the "FLSA"). Defendant argued that:

(a) Plaintiffs were not improperly denied overtime compensation and/or minimum wages; and

(b) Plaintiffs were not entitled to any relief under the FLSA.

2. The Court did not approve the Parties' initial settlement agreement based on non-monetary terms; specifically, the Court rejected the settlement agreement for two reasons: (1) to the inclusion of a broad general release, and (2) the inclusion of a pre-suit mediation provision with Plaintiffs' counsel.

3. The Parties now file a Second Joint Motion to approve a revised Settlement Agreement, and have (1) eliminated a broad general release which was replaced by a substantially narrowed release in Section 2, and (2) eliminated the pre-suit mediation provision and any similar provision that may have concerned the Court.[1] The monetary terms are referenced in Section 3 of the Settlement Agreement, and have not changed.[2]

4. In Pollarolo v. Gab Call Ctr. Soluctions, LLC, No. 18-80300-CIV, 2018 WL 11318144, at *2 (S.D. Fla. Apr. 18, 2018) (J. Middlebrooks), this Court denied a motion for approval of settlement agreement due to a general release provision citing Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. Aug. 6, 2010).

5. In Moreno v. Regions Bank, the Court denied a motion to approve a settlement agreement, without prejudice, based on what the Court declared was a broad general release. The parties subsequently submitted another motion along with a substantially narrowed release of claims "*arising out of or related to the payment of wages during his employment*," which the Court approved. See, **Exhibit "2,"** August 31, 2010 Order in Moreno v. Regions Bank.

---

[1] Although not specifically referenced in the Court's Order, the Parties also eliminated prior Sections 12 and 13 in the abundance of caution.

[2] The Court found that it was "inclined to approve a forthcoming settlement agreement" that includes a payment of no more than $22,000 to Plaintiffs' counsel and no more than $1,000 to each Plaintiff. Therefore, the Settlement Agreement is in line with the Court's restrictions on monetary terms.

6. In Pollarolo, this Court approved a Third Joint Motion for Approval of Settlement and Dismissal of Case after the parties narrowed their release to "*any and all claims, demands or liabilities whatsoever, whether known or unknown . . . for unpaid overtime or minimum wage compensation claims from the beginning of time to the date of this Agreement.*" See, Pollarolo at DE-18 (Release at Page 9 Section A) and Order at DE-19 attached hereto as composite **Exhibit "3."**

7. Here, the Parties also substantially narrowed the release, specifically to claims "*relating to the payment of overtime compensation and/or minimum wages.*" See, Section 2 of the Settlement Agreement. Therefore, there is no general release in this Settlement Agreement, the release was substantially narrowed *even more so* than in Moreno, and the release is substantially similar to the one approved by this Court in Pollarolo.

8. In the abundance of caution, and to assist the Court in its analysis, the Settlement Agreement also clarifies that the individuals are not releasing such claims in the future, among other carve outs unrelated to overtime and minimum wage claims. See e.g., Section 2(2) and (4).

9. Generally, in order for a release-and-waiver-of-claims agreement to be considered effective under the FLSA, it needs to be approved by a Court or supervised by the U.S. Department of Labor. See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor, 679 F.2d 1350 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. at 1352–53. Also, a district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

10. The Parties reassert that after extensive settlement negotiations they have reached a fair and reasonable resolution, at arm's length and with the advice of counsel. Therefore, there

is a strong presumption in favor of finding a fair settlement. See <u>Schottborgh v. Motor Car Concepts, II, Inc.</u>, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); <u>Steinhauser v. Elec. Energy Sys., Inc.</u>, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

11.  The parties request this Court's approval of the Settlement Agreement to ensure there is a valid release, and on a broader scale, approval the Settlement Agreement pursuant to <u>Lynn's Food</u>. Finally, the Parties request that the Court dismiss this action with prejudice, with the Court retaining jurisdiction to enforce the Settlement Agreement, and for each party to bear their own attorneys' fees and costs unless expressly provided for in Section 3 of the Settlement Agreement. A copy of the proposed Order is attached hereto as **Exhibit "4"**.

**WHEREFORE**, for all the foregoing reasons, the Parties respectfully request that the Court determine that the settlement is a fair and reasonable resolution pursuant to <u>Lynn's Food</u>, dismiss this matter with prejudice with the Court retaining jurisdiction to enforce the Settlement Agreement and with the Parties to bear their own costs and attorneys' fees, except as provided by the terms of the Settlement Agreement at Section 3, and enter the proposed Order attached as **Exhibit "4."**

Dated this <u>15th </u>day of December, 2021.

Respectfully submitted,

| | |
|---|---|
| **Pike & Lustig, LLP** | **JONES FOSTER, P.A.** |
| 1209 N. Olive Ave. | 505 South Flagler Drive, Suite 1100 |
| West Palm Beach, FL 33401 | West Palm Beach, FL 33401 |
| Michael J. Pike, Esq. | Tel. 561-659-3000 |
| Florida Bar No.: 617296 | */s/ Michael Gore* |
| Robert C. Johnson, Esq. | Michael J. Gore, Esq. |

| | |
|---|---|
| Florida Bar No.: 116419 | Florida Bar No. 71886 |
| */s/ Robert C. Johnson* | mgore@jonesfoster.com |
| Email: pleadings@pikelustig.com | *Attorney for Defendant* |
| *Attorneys for Plaintiffs* | |

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                     */s/ Michael J. Gore*
                                                                     Michael J. Gore
                                                                      Florida Bar No. 0071886

## Service List

Michael J. Pike, Esq.
Florida Bar No.: 617296
Robert C. Johnson, Esq.
Florida Bar No.: 116419
Pike & Lustig, LLP
1209 N. Olive Ave.
West Palm Beach, FL 33401
Email: pleadings@pikelustig.com
*Attorneys for Plaintiffs*


Alan M. Aronson, Esq.
Florida Bar No.: 895997
Rosenthal Levy Simon & Sosa, PA
1401 Forum Way, Suite 600
West palm Beach, FL 33401
aaronson@rosenthallevy.com
jlevy@rosenthallevy.com
eleonard@rosenthallevy.com
*Attorneys for Plaintiffs*