## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-81215-CV-MIDDLEBROOKS/Matthewman

JEFFREY BERNSTEIN, VINCENT CURCIO
and JOHN ANGELONE,

    Plaintiffs,

v.

TOWN OF JUPITER, a municipal corporation,

    Defendant.

_____/

## ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND CLOSING CASE

THIS CAUSE comes before the Court upon the Parties' Second Joint Expedited Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court Retaining Jurisdiction to Enforce the Settlement Agreement ("Motion"), filed on December 15, 2021. (DE 95). I denied the Parties' first motion without prejudice, and I encouraged the Parties to file a renewed motion to approve a settlement agreement that cured the deficiencies I identified. (DE 94). Having reviewed the Motion and the exhibits attached thereto, including the Agreement, and being otherwise fully advised in the premises, the Motion is granted.

Plaintiffs allege violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (DE 1-1). When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over

FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. District courts have broad discretion in reviewing and approving FLSA settlement agreements. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (declining to hear an interlocutory appeal seeking clarification of the legal standard to be applied when reviewing FLSA settlement agreements, specifically with respect to non-monetary provisions, deferring to the discretion of district courts).

With respect to the monetary terms, which remain unchanged—$22,000 for Plaintiffs' counsel and $1,000 for each Plaintiff—I find those amounts to be fair for the reasons stated in my Order dated December 10, 2021. (DE 94 at 2–3). As to the non-monetary terms, I am satisfied that the present Agreement cures the deficiencies I previously identified.

I took issue with the provisions exclusively relating to or governing the Town and Plaintiffs' counsel. (*Id.* at 4). The mediation term I specifically discussed and two others have been removed. (DE 95 at 2; *see generally* DE 95-1).

I also disapproved of the broad general release. (DE 94 at 3). The Parties maintain the necessity and fairness of a release provision, but meaningfully narrowed its scope. (DE 95 ¶¶ 7–10; *see* DE 95-1 at 2). The provision is acceptable as currently drafted because it now releases claims "relating to the payment of overtime compensation and/or minimum wages," instead of all claims generally arising out of employment with the Town. (DE 95-1 at 2). The current provision is also an improvement upon the prior one, as it does not include a lengthy list of statues under which claims are released, some of which only tangentially related or were seemingly unrelated to the FLSA. (*See id.*). Additionally, pursuant to *Lynn's Food*, settlements executed by counseled

parties in the adversarial context of litigation are "more likely to reflect a reasonable compromise over the issues." 679 F.2d at 1354. The Parties have now negotiated the terms of their settlement twice and they maintain the fairness of this narrower release, to which I also give some weight. In the context of this specific agreement, I find this provision fair and I will approve it.

For the foregoing reasons, I find that the Parties' Settlement Agreement (DE 95-1) reflects a reasonable compromise over contested litigation to resolve bona fide disputes under the FLSA. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The Parties' Second Joint Expedited Motion for Approval of Settlement Agreement and Dismissal with Prejudice with the Court Retaining Jurisdiction to Enforce the Settlement Agreement (DE 95) is **GRANTED**.

(2) The Court **APPROVES** the Settlement Agreement (DE 95-1)—including the settlement amount for attorneys' fees and costs—as a fair, adequate, and reasonable settlement of the claims at issue.

(3) This action is **DISMISSED WITH PREJUDICE**.

(4) The Clerk of Court shall **CLOSE THIS CASE**.

(5) Any pending motions are **DENIED AS MOOT**.

(6) Pursuant to the Parties' request, this Court will retain jurisdiction to enforce the Settlement Agreement. Jurisdiction will be retained for a period of thirty days.

(7) Pursuant to the Parties' request, each Party shall bear their own attorneys' fees and costs, except as provided by the terms of the Settlement Agreement.

**SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of December, 2021.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record